# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>            Plaintiff,<br><br>    v.<br><br>JAIME MARQUEZ, et al.,<br><br>            Defendants. | Case No. 1:15-cv-00385-SAB<br><br>ORDER DISMISSING WITH PREJUDICE DEFENDANT JAIME MARQUEZ ONLY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)<br><br>(ECF No. 39) |

On October 19, 2015, Plaintiff filed a notice of settlement as to Defendant Jaime Marquez only. (ECF No. 33). On November 18, 2015, Plaintiff filed a request for the dismissal of Defendant Marquez only from the action. (ECF No. 39). In the request for dismissal of Defendant Marquez, Plaintiff indicates that Defendant Marquez agreed to electronically sign a joint stipulation, but Defendant Maghar Singh dba Punjab Auto Repair's objected to dismiss Defendant Marquez. (ECF No. 39).

Under Rule 41, a Plaintiff may voluntarily dismiss without a court order by filing a notice of dismissal before the defendant serves an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). Federal Rule of Civil Procedure 41(a)(2) permits a plaintiff to dismiss an action without prejudice at any time pursuant to a court order and on terms that the court considers proper. A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982). Under Rule 41(a)(2), there are three separate determinations for the

1

court to make: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed.  <u>Williams v. Peralta Community College Dist.</u>, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

A court should grant a motion for voluntary dismissal unless the defendant can show that he will suffer legal prejudice as a result.  <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument. <u>Westlands Water Dist. v. United States</u>, 100 F.3d 972, 975 (9th Cir. 2001).  Legal prejudice does not result because the dispute remains unresolved, there is a threat of future litigation, or a plaintiff may gain a tactical advantage by the dismissal.  <u>Smith</u>, 263 F.3d at 976.

Here, Defendant Singh did not stipulate to the dismissal of Defendant Marquez.  A court order is required to dismiss Defendant Marquez because Defendant Marquez has filed an answer and all of the parties to the action have not stipulated to his dismissal.  The Court notes that there have not been any counterclaims, cross claims or third-party claims filed in this matter. Defendant Singh was provided with an opportunity to file an opposition to the dismissal of Defendant Marquez from this action by November 30, 2015.  No opposition has been filed.

Plaintiff and Defendant Marquez have reached a settlement agreement in this action. Defendant Singh has not shown that he will suffer any prejudice by the dismissal of Defendant Marquez from this action.

Accordingly, IT IS HEREBY ORDERED that Defendant Marquez is DISMISSED WITH PREJUDICE from this action pursuant to Federal Rule of Civil Procedure 41(a)(2).

IT IS SO ORDERED.

Dated:   **December 2, 2015**

UNITED STATES MAGISTRATE JUDGE